STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
jlowry@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
jcoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>MONEYREIGN, INC., a New Jersey domestic profit corporation,<br><br>Defendant. | Case No.: 2:10-CV-0350<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against MoneyReign, Inc. ("MoneyReign"), on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

### PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Secretary of State of Nevada.
4. MoneyReign is, and has been at all times relevant to this lawsuit, a New Jersey domestic profit corporation with its principal place of business in New Jersey.

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and §1338(a).
6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and §1332(c) because this is a civil action between parties with complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.
7. MoneyReign purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.
8. MoneyReign purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works at www.casinoreign.com ("MoneyReign's Website").
9. MoneyReign's unauthorized reproduction of Righthaven-owned copyrighted works found on MoneyReign's Website is purposefully targeted to Nevada residents and to actual and potential visitors to Nevada.
10. MoneyReign copied, on an unauthorized basis, the literary work entitled "MGM Mirage, chamber reconcile to battle budget," attached hereto as Exhibit 1 (the "MGM Mirage Article"), from a source emanating from Nevada.
11. MoneyReign displayed and displays the MGM Mirage Article on MoneyReign's Website.
12. MoneyReign's display of the MGM Mirage Article was and is purposefully directed at Nevada residents.

13. MoneyReign copied, on an unauthorized basis, the literary work entitled "The Strip: Icahn lands Las Vegas bargain; what next?" attached hereto as Exhibit 2 (the "Icahn Article"), from a source emanating from Nevada.

14. MoneyReign displayed and displays the Icahn Article on MoneyReign's Website.

15. MoneyReign's display of the Icahn Article was and is purposefully directed at Nevada residents.

16. MoneyReign copied, on an unauthorized basis, the literary work entitled "Chinese New Year:  Year of the Tiger revelers will find festive scenery, entertainment in Las Vegas," attached hereto as Exhibit 3 (the "Chinese New Year Article"), from a source emanating from Nevada.

17. MoneyReign displayed and displays the Chinese New Year Article on MoneyReign's Website.

18. MoneyReign's display of the Chinese New Year Article was and is purposefully directed at Nevada residents.

19. MoneyReign copied, on an unauthorized basis, the literary work entitled "Hawaii gaming bill finds traction but still a long shot," attached hereto as Exhibit 4 (the "Hawaii Article"), from a source emanating from Nevada.

20. MoneyReign displayed and displays the Hawaii Article on MoneyReign's Website.

21. MoneyReign's display of the Hawaii Article was and is purposefully directed at Nevada residents.

22. MoneyReign copied, on an unauthorized basis, the literary work entitled "Everyone likes to start New Year here," attached hereto as Exhibit 5 (the "Everyone Likes Article"), from a source emanating from Nevada.

23. MoneyReign displayed and displays the Everyone Likes Article on MoneyReign's Website.

24. MoneyReign's display of the Everyone Likes Article was and is purposefully directed at Nevada residents.

25. MoneyReign copied, on an unauthorized basis, the literary work entitled "America's Party: A Vegas Celebration; Raise the roof, again," attached hereto as Exhibit 6 (the "America's Party Article"), from a source emanating from Nevada.

26. MoneyReign displayed and displays the America's Party Article on MoneyReign's Website.

27. MoneyReign's display of the America's Party Article was and is purposefully directed at Nevada residents.

28. MoneyReign copied, on an unauthorized basis, the literary work entitled "Inside Gaming: Megamyth shadows casino openings," attached hereto as Exhibit 7 (the "Megamyth Article"), from a source emanating from Nevada.

29. MoneyReign displayed and displays the Megamyth Article on MoneyReign's Website.

30. MoneyReign's display of the Megamyth Article was and is purposefully directed at Nevada residents.

31. MoneyReign copied, on an unauthorized basis, the literary work entitled "Movie Review: 'Nine,'" attached hereto as Exhibit 8 (the "Movie Review Article"), from a source emanating from Nevada.

32. MoneyReign displayed and displays the Movie Review Article on MoneyReign's Website.

33. MoneyReign's display of the Movie Review Article was and is purposefully directed at Nevada residents.

34. MoneyReign copied, on an unauthorized basis, the literary work entitled "The Strip: Planet Hollywood, Hard Rock to open new hotel towers," attached hereto as Exhibit 9 (the "Planet Hollywood Article"), from a source emanating from Nevada.

35. MoneyReign displayed and displays the Planet Hollywood Article on MoneyReign's Website.

36. MoneyReign's display of the Planet Hollywood Article was and is purposefully directed at Nevada residents.

37. MoneyReign represents that MoneyReign's business is associated with Nevada because MoneyReign's Website banner image is a female joker scattering a deck of playing cards situated on a backdrop of the iconic Las Vegas Boulevard skyline, MoneyReign's Website uses "casino" in the domain name, and MoneyReign's Website contains multiple gambling-related references to Las Vegas, Nevada.

38. MoneyReign's contacts with Nevada are continuous and systematic because MoneyReign's Website publishes articles on Nevada gaming institutions, Nevada gaming policy, and current developments in the Nevada gaming industry on a continual basis.

39. MoneyReign's contacts with Nevada are continuous and systematic because MoneyReign's Website continually publishes advertisements for Nevada casino promotions, payouts, free cash, and progressive jackpots on a continual basis.

40. MoneyReign's contacts with Nevada are continuous and systematic because MoneyReign's Website publishes advertisements for Nevada resorts, vacation packages, discounts, specials, and tourist attractions on a continual basis.

41. MoneyReign's contacts with Nevada are continuous and systematic because MoneyReign's Website publishes advertisements for Nevada casino employment, classified listings, and specific contact information regarding employment within Nevada on a continual basis.

42. MoneyReign's contacts with Nevada are continuous and systematic because the metadata and search tags in the HTML source code for MoneyReign's Website contains "Las Vegas" and "Nevada," which would direct Internet users interested in "Las Vegas" or "Nevada" to MoneyReign's Website.

43. MoneyReign's contacts with Nevada are continuous and systematic because the search tags for MoneyReign's Website include "gambling," "gaming," "poker," "betting," "sports book," "las vegas news," "las vegas strip map," "las vegas deals," "las vegas weather," "las vegas casino wiki," "las vegas casino downtown," "las vegas casino on the strip," "las vegas casino off the strip," "las vegas city center," "las vegas airport," "las

vegas hotels," "las vegas shows," " las vegas review-journal," and "las vegas sun," which are words, phrases, and concepts commonly associated with Las Vegas, Nevada.

## VENUE

44. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.
45. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and §1400(a), because MoneyReign may be found in Nevada.
46. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because a MoneyReign is subject to personal jurisdiction in Nevada.

## FACTS

47. Righthaven is the copyright owner of the literary work entitled, "All's fair in Super Bowl prop bets" (the "Work"), attached hereto as Exhibit 10.
48. The Work was originally published on January 29, 2010.
49. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).
50. On March 5, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007095269 (the "Registration") and attached hereto as Exhibit 11 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.
51. MoneyReign owns the domain name casinoreign.com (the "Domain").
52. MoneyReign is the registrant, administrator, and technical contact for the Domain and MoneyReign's Website.

53. No later than February 24, 2010, MoneyReign reproduced an unauthorized copy of the Work (the "Infringement"), attached hereto as Exhibit 12, on MoneyReign's Website.

54. MoneyReign did not seek Righthaven's permission, in any manner, to reproduce, display, or otherwise exploit the Work.

55. Righthaven did not grant MoneyReign permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

56. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 55 above.

57. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

58. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

59. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

60. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

61. MoneyReign reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

62. MoneyReign created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

63. MoneyReign distributes unauthorized reproductions of the Work via MoneyReign's Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

64. MoneyReign publicly displays an unauthorized reproduction of the Work at MoneyReign's Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

65. MoneyReign has willfully engaged in the copyright infringement of the Work.

66. MoneyReign's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

67. Unless MoneyReign is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by MoneyReign of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain MoneyReign, and MoneyReign's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under MoneyReign, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct MoneyReign to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to MoneyReign's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to MoneyReign's Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom MoneyReign has communicated regarding MoneyReign's use of the Work; and

    c. All financial evidence and documentation relating to MoneyReign's use of the Work;

3. Direct Enom, Inc. and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven the maximum statutory damages of not more than $150,000.00 for the willful infringement of the Work, pursuant to 17 U.S.C. §412 and §504(c);

5. Award Righthaven the costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §412 and §504(c);

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this 13th day of March, 2010.

RIGHTHAVEN LLC

By: /s/ Steven A. Gibson
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff